UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES P. REILLY and VICTORIA JELDERKS, PE, <br><br>                         Plaintiffs, <br><br> v. <br><br> MATTHEW A. LEVIN, SHANNON L. ARMSTRONG, MARK A. FLEISCHAUER, DAN L. EVANS, MASON MATTHEW EVANS, LIBERTY EVANS LLC, and PINE BEACH HOLDINGS LLC, <br><br>                         Defendants. | Case No. 1:15-cv-00429-EJL-CWD <br><br> **REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTIONS TO DISMISS** <br><br> **ORDER REGARDING PLAINTIFFS' CROSS MOTION FOR SUBPOENA DUCES TECUM** |

## INTRODUCTION

Before the Court are Defendants' motions to dismiss (Dkt. 11, 17), and Plaintiffs'

"cross motion for subpoena duces tecum," (Dkt. 20). Defendants' motions ask the Court

to dismiss Plaintiffs' complaint with prejudice because this Court lacks personal

jurisdiction over them, and because the complaint fails to state a cognizable legal claim.

Plaintiffs, who are appearing pro se in this matter, disagree, and seek an order compelling

Defendants to produce cell phone records and all travel related documents for the period

**REPORT AND RECOMMENDATION - 1**

of March 8 through March 17, 2015, claiming these records are relevant to their claims against Defendants.

Having fully reviewed the record, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, this matter will be decided on the record without oral argument. The Court issues the following report recommending that the motions to dismiss be granted, and Plaintiffs' complaint be dismissed with prejudice. Consequently, the Court will deny Plaintiffs' motion for subpoena.

## FACTS

Plaintiffs filed a Complaint in this Court on September 15, 2015. Both Plaintiffs are residents of Vancouver, Washington. As near as the Court can discern, the facts center around a contract entered into in the state of Washington whereby the parties agreed to binding arbitration. Plaintiffs allege that, after a failed arbitration with an Oregon arbiter, Plaintiffs "engaged JAMS of California to recommence arbitration in a neutral location." Plaintiffs contend Defendants' refusal to participate, and other vague acts (bribery and travel by private jet) committed between March 8, 2015, and March 17, 2015, constituted sabotage of the JAMS arbitration.

Specifically, Plaintiffs allege there were "several indications that untoward actions were taking place in California, including non-responsiveness of Defendants' lawyers" Matthew Levin and Shannon Armstrong. Plaintiffs next assert they possess "evidence of travel made by JH Kelly's private jet (used by Dan Evans, Mason Evans and Mark

Fleischauer) that clearly showed stops in Seattle (where Mr. Fleischauer resides) and in Longview as well as transponder evidence" showing travel through Vancouver, Washington, Portland, Oregon, and San Jose, California where JAMS is located. Plaintiffs allege Defendants traveled to California for the purpose of "derailing the California arbitration." Plaintiffs assert they made Defendants an offer of settlement in exchange for information related to the travel, and that "Defendants' bizarre decision to decline the best legal offer theoretically possible," along with the resignation of JAMS, and the private jet travel, was the genesis of Plaintiffs' concern that "Federal Statues [sic] had been broken." Plaintiffs contend that Defendants' failure to act in their own best interest is "indicative of the illicit activities" they allege.

The only mention of Idaho in the Complaint is on page 28, where Plaintiffs assert:

> Defendants' insistence on Clark County Court[1] resolving the case, as opposed to agreeing to Plaintiffs' concession on all counts in exchange for the right to obtain travel documents exonerating Defendants, triggered filing this suit in Idaho.

As to each Defendant, Plaintiffs allege their acts to sabotage the arbitration, and seek a dismissal in Clark County Superior Court of the arbitration with prejudice, constitute a violation of 18 U.S.C. § 1952 (Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises); 18 U.S.C. § 1343 (Wire Fraud); and California Penal Code § 641.3(Commercial Bribery).  Plaintiffs seek an award of $20,000,000, and a "bench referral to the US Attorney for prosecution of Defendants."

---

[1] Clark County is not a reference to Idaho in this instance, but to Clark County, Washington.

**REPORT AND RECOMMENDATION - 3**

Defendants have submitted affidavits in support of their motions to dismiss, and Plaintiffs did not contest the statements in their response, or offer their own affidavits. There are two groups of Defendants. The first are the lawyer defendants, Matthew Levin and Shannon Armstrong. The second group of Defendants is comprised of Defendants Mason Evans, Dan Evans, and Mark Fleischauer, and Fleischauer's business entities.

Defendant Matthew Levin and Defendant Shannon Armstrong are both attorneys with the law firm Markowitz Herbold, PC, located in Portland, Oregon. Neither Levin nor Armstrong have practiced law in Idaho, engaged in any business activity in Idaho, or traveled to Idaho for any reason related to the allegations in Plaintiffs' complaint. With regard to service of the complaint, both Levin and Armstrong aver that they did not personally sign for receipt of the summons and complaint, which was delivered to their law firm, and what was delivered contained only certain pages of the complaint rather than the whole document. Additionally, Levin and Armstrong assert they have never authorized anyone or appointed any employee or agent of Markowitz Herbold, P.C., to accept service on their behalf, in this, or any other, action.

The other group of defendants submitted the affidavits of Mason Evans, Dan Evans, and Mark Fleischauer. Mason Evans indicates he is a resident of Oregon, and has no connection to Idaho nor did he conduct business in Idaho with Plaintiffs.  Dan Evans states he is a resident of Washington, and has no connection to Idaho nor did he conduct business in Idaho with Plaintiffs. Fleischauer indicates he resides in Washington, and has no connection to Idaho nor did he conduct business in Idaho with Plaintiffs.

**REPORT AND RECOMMENDATION - 4**

Fleischauer controls the entity Defendants. He states he is the Senior Vice President of JH Kelly, LLC, an industrial mechanical contracting company, which is incorporated in Washington with its principal place of business in Washington. JH Kelly, LLC leases property in Pocatello, Idaho, and has performed construction services in the state of Idaho, but all of those activities are unrelated to Plaintiffs' allegations. Fleischauer is the principal and registered agent of Liberty Evans LLC, a limited liability company incorporated in Washington with its principal place of business in Washington. Liberty Evans LLC has not engaged in any contracts to perform services or provide goods for any companies in Idaho within the last ten years.

Fleischauer also is the principal and registered agent of both EF Tank Holdings LLC, and Pine Beach holdings LLC, which are limited liability companies incorporated in Washington with their principal place of business in Washington. Neither EF Tank nor Pine Beach has any offices in Idaho or does any business in Idaho. Defendants agree that they engaged in a contractual agreement with Plaintiffs entered into in the state of Washington agreeing to binding arbitration.

In their response, Plaintiffs admit Armstrong and Levin are lawyers among the "top litigating firms in the State of Oregon," and represented JH Kelly in the Blue Array arbitration. Plaintiffs' response sheds some additional light on the litigation that occurred in Clark County Superior Court in Washington,. Allegedly, during a Clark County Superior Court hearing, Defendants agreed to participate in a JAMS California sponsored arbitration with Plaintiffs. But, the Clark County Superior Court recently dismissed the action in Washington, with prejudice, "effectively eliminate[ing] the ability for Plaintiffs

REPORT AND RECOMMENDATION - 5

to recover the damages of $20 million sought in the California-based arbitration." The arbiter apparently resigned from the case and refunded all of Plaintiffs' money for the arbitration. Accordingly, Plaintiffs explain they "filed in Idaho for the reason that it is the ONLY venue in which Defendants (JH Kelly) are dual citizens in which there is a track record of unbiased behavior toward the Defendants."

## ANALYSIS

### 1.    Applicable Legal Standards

Where, as here, Plaintiffs are proceeding pro se, the complaint must be liberally construed and they must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the complaint can be saved by amendment, Plaintiffs should be notified of the deficiencies and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

A complaint must be consistent with Fed. R. Civ. P. 8(a), which provides that a pleading must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). The purpose of the Rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, 550 U. S. at 555. The pleading standard in Fed. R. Civ. P. 8 requires more than "'naked assertion[s]'

**REPORT AND RECOMMENDATION - 6**

devoid of 'further factual enhancements.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a

claim to relief that is plausible on its face." *Twombly*. 550 U.S. at 570 (emphasis added).

Although the Court must accept as true all of the allegations contained in a complaint, the

Court is not required to accept bare legal conclusions. *Iqbal*, 556 U.S. at 678.

A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has acted

unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a

defendant's liability, it "stops short of the line between possibility and plausibility of

'entitlement to relief.'" *Id*. at 557. "Determining whether a complaint states a plausible

claim for relief will ... be a context-specific task that requires the reviewing court to draw

on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Distilling the holdings of *Twombly* and *Iqbal*, the Court of Appeals for the Ninth

Circuit has stated that, "for a complaint to survive a motion to dismiss, the non-

conclusory 'factual content,' and reasonable inferences from that content, must be

plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret

Service*, 572 F.3d 962, 969 (9th Cir. 2009) (emphasis added).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial

notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may

**REPORT AND RECOMMENDATION - 7**

take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc*., 375 F.3d 861, 866, n.1 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

However, it would be improper for the Court to consider the affidavits attached to Defendants' motions without converting the motion to dismiss into a motion for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003). Generally, summary judgment is inappropriate before the parties have had an opportunity for discovery. *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 n. 4 (9th Cir. 1987). When only one party seeks to convert a motion to dismiss into a motion for summary judgment prior to discovery by offering additional exhibits and affidavits outside the pleadings, a court may simply disregard any such submissions and decide the motion to dismiss on the merits of the pleadings alone.

Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice. *See City of Royal Oak Retirement System v. Juniper Networks, Inc*., 880 F.Supp.2d 1045, 1060 (N.D. Cal. 2012). "However, a court may convert a motion to dismiss into a motion for summary judgment, and thus consider the external exhibits and affidavits, when it is "satisfied that the parties are not taken by surprise or deprived of a reasonable opportunity to contest facts averred

**REPORT AND RECOMMENDATION - 8**

outside the pleadings" and the issues involved are 'discrete and dispositive.'" *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F.Supp.2d 160, 165 (S.D.N.Y. 2006).

Here, Defendants' declarations provide evidence dispositive of the case, and the Court will therefore convert the motion to dismiss into a motion for summary judgment. Further, the Court finds Plaintiffs have not been taken by surprise or deprived of an adequate opportunity to respond to the facts contained in the submitted declarations. Plaintiffs admit in their reply that the only Defendant with ties to Idaho is Defendant JH Kelly, LLC, and that they chose Idaho because the Clark County Superior Court in Washington dismissed their case. Further, it appears Plaintiffs have a history with Defendants, and therefore had ample opportunity to address their residency and domicile for purposes of responding to Defendants' arguments that this Court lacks jurisdiction. Therefore, additional notice of the Court's conversion of the motions to dismiss into motions for summary judgment is not necessary. *Id.*

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). There must be a genuine dispute as to any material fact—a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Deveraux*, 263 F.3d at 1076. The non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex*, 477 U.S. at 324.

**2.**      **Service Upon Defendants Levin and Armstrong Was Defective**

REPORT AND RECOMMENDATION - 10

Defendants Levin and Armstrong argue first the complaint should be dismissed against them for improper service. Fed. R. Civ. P. 12(b)(5). Service of process is a prerequisite to the exercise of personal jurisdiction. *Cornelius v. DeLuca*, 709 F.Supp.2d 1003, 1008 (D. Idaho 2010).

Fed. R. Civ. P. 4(c) requires a summons to be served with a "copy of the complaint." Individuals must be served by delivering a copy of the summons and the complaint to them in accordance with state law in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Idaho R. Civ. P. 4(d)(2) requires personal service upon the individual or his agent, and ORCP 7 D(3)(a)(i) requires the same, although "office service" is permitted by ORCP 7 D(2)(c) by leaving true copies of the summons and the complaint at the individual's office during normal working hours with a person "who is apparently in charge." If office service is used, the plaintiff must mail true copies of the summons and complaint to the individual's dwelling house, place of business, or other such place reasonably calculated to apprise the defendant of the existence and pendency of the action.

Alternatively, Fed. R. Civ. P. 4 permits service by delivery of a copy of the summons and complaint to the defendant personally, or by delivery to his or her agent, by a person who is at least 18 years old and not a party, or delivery by a United States Marshal. Fed. R. Civ. P. 4(c)(2), (c)(3), (e)(2).

Levin and Armstrong received parts of the complaint at their law firm by mail. The summons and complaint were not served correctly upon them according to Fed. R. Civ. P. 4, or pursuant to Idaho R. Civ. P. 4(d)(2) or ORCP 7 D(2) or D(3). Plaintiffs did

**REPORT AND RECOMMENDATION - 11**

not serve Levin and Armstrong personally, or in compliance with any other manner of service. Service was therefore defective, and the complaint against them may be dismissed for improper service.

Despite the defective service, the Court will consider the other reasons advanced for dismissing the complaint against Defendants Levin and Armstrong, as well as the other named Defendants.

## 3.   Jurisdiction and Venue

### A.   *Personal Jurisdiction is Lacking*

Defendants collectively move to dismiss on the ground that the Court cannot assert personal jurisdiction over any Defendant. Fed. R. Civ. P. 12(b)(2). The Court's power to exercise personal jurisdiction over non-resident defendants is limited by both the applicable state personal jurisdiction statute (long-arm statute) and the Due Process Clause. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002); *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990). In other words, an analysis of personal jurisdiction has two components. First, there must be a statute that gives the court authority to exercise jurisdiction over claims presented. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Aerohawk Aviation, Inc.*, 259 F.Supp.2d 1096, 1101 (D. Idaho 2003) (citing *Data Disc Inc. v. Systems Tech. Assocs., Inc*., 557 F.2d 1280, 1286 (9th Cir. 1997)). Second, the exercise of jurisdiction must meet Constitutional standards. *Id.*

Idaho's long-arm statute, Idaho Code § 5-514(b), grants an Idaho court jurisdiction over non-residents regarding any cause of action arising from (a) the transaction of any business within this state; (b) the commission of a tortious act within Idaho; (c)

**REPORT AND RECOMMENDATION - 12**

ownership of property located within Idaho; (d) a contract of insurance to insure a person, property, or risk located within Idaho at the time of contracting; (e) maintenance of a domicile within Idaho relating to divorce; or (f) in certain paternity actions.

Plaintiffs' complaint contains no indication that any factor outlined in Idaho Code §5-514(b) is satisfied with regard to any of the named Defendants. Defendants' affidavits indicate that all of the Defendants reside in Washington or Oregon. The only Defendant with any ties to Idaho is JH Kelly, LLC, which leases property in Pocatello, Idaho, and has performed construction services in the state of Idaho. However, JH Kelly, LLC, has not transacted business or contracted to supply services with respect to the events giving rise to the allegations in Plaintiffs' complaint. None of the other Defendants have conducted business, supplied services, or caused Plaintiffs any injury in Idaho. In addition, the allegations in the Complaint pertain to litigation in the state courts of Washington. Plaintiffs reside in Washington as well. Because the cause of action does not arise from any one of the conditions set forth in Idaho Code § 5-514(b), Idaho's long arm statute does not provide a basis upon which to confer jurisdiction over Defendants by this Court.

Alternatively, due process is not satisfied. Due process requires that, for non-resident defendants to be subject to jurisdiction in a foreign court, they must have certain "minimum contacts" with the forum state such that the traditional notions "'of fair play and substantial justice'" are not offended. *See Sher*, 911 F.2d at 1361 (quoting *Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)).

**REPORT AND RECOMMENDATION - 13**

States may exercise general or specific jurisdiction over non-resident defendants. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). General jurisdiction can be asserted when the defendant's activities in the forum state are "continuous and systematic" or "substantial." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952); *see also Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir.1987).

There are no allegations within Plaintiffs' complaint that the named Defendants reside anywhere other than in the states of Washington and Oregon sufficient to suggest that Defendants' contacts (whatever they are) are continuous or systematic enough to approximate individual presence in Idaho. JH Kelly, LLC's lease of real property in Pocatello and its performance of construction services in Idaho theoretically could provide a basis for the Court's jurisdiction over it, but there is no evidence in the record that JH Kelly, LLC's contact with Idaho constitutes "continuous and systematic" or "substantial" activities within the state of Idaho, nor does it appear JH Kelly, LLC's business has anything to do with the events giving rise to the allegations in Plaintiffs' Complaint. Even if the Court could be said to have jurisdiction over JH Kelly, LLC, as will be explained later in the Court's report, the claims are subject to dismissal. Therefore, there is no general jurisdiction in this situation that would not offend traditional notions of fair play and substantial justice. As a result, general jurisdiction is lacking.

Alternatively, to find specific jurisdiction over a non-resident defendant, courts look to the three-part test as applied in *Lake*, 817 F.2d at 1420. To find specific jurisdiction, the Court must find: (1) the non-resident defendant purposefully directs his

**REPORT AND RECOMMENDATION - 14**

activities or consummates some transaction with the forum or resident thereof; or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim is one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, *i.e.* it must be reasonable. *Lake*, 817 F.2d at 1421.

The Complaint lacks any allegations indicating this Court has jurisdiction over Defendants. Looking at the affidavits submitted, the undisputed facts indicate the Court lacks specific jurisdiction over any Defendant. There is no indication any Defendant directed any conduct toward Idaho in any way as to purposefully avail themselves of the privilege of conducting activities here, other than JH Kelly, LLC, albeit in a tangential way unrelated to the allegations contained within Plaintiffs' complaint. Further, this is an action relating to proceedings and acts that occurred within the state of Washington. It appears the action arises out of litigation commenced in Clark County Superior Court in the state of Washington, and that there may have been certain conduct that occurred in California. Moreover, Defendants could not have anticipated being hailed into an Idaho court based upon conduct that allegedly took place exclusively in Washington or California, or both.

As mentioned above, the only Defendant that has any tie to Idaho is JH Kelly, LLC, which leases property in Pocatello, Idaho, and has performed construction services in the state of Idaho in the past. Conceivably, JH Kelly, LLC, has purposefully directed its activities toward Idaho, but because the conduct complained of arose in either

**REPORT AND RECOMMENDATION - 15**

California or Washington, Plaintiffs cannot satisfy the relatedness test. Their claims are utterly unrelated to JH Kelly, LLC's forum related activities of leasing property or performing construction services in Idaho. Personal jurisdiction over Defendants is therefore lacking.

Finally, Plaintiffs concede they chose to file suit in Idaho because they were dissatisfied with the outcome of the arbitration proceedings and the dismissal of their lawsuit in Clark County Superior Court. But that is not a reason to come to court in Idaho. Plaintiffs' claims do not arise out of any Defendants' Idaho activities, and all of the purported wrongdoing occurred elsewhere. Therefore, as with general jurisdiction, there is no specific jurisdiction here.

Although it would be sufficient grounds to dismiss the Complaint for lack of personal jurisdiction, because of the potential for further filings, the Court will discuss venue and subject matter jurisdiction.

**B.**     *Idaho is Not the Proper Venue*

Fed. R. Civ. P. 12(b)(3) allows a defendant to bring a motion to dismiss on the basis of improper venue. The Court may transfer venue without regard to whether it has personal jurisdiction over Defendants. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962). Once a defendant challenges venue, the plaintiff bears the burden of showing that venue is proper in the instant forum. *Schenck v. Motorcycle Accessory Warehouse, Inc*., 2007 WL 1138915 (D. Idaho April 17, 2007) (citing *Piedmont Label Co. v. Sun Garden Packing Co*., 598 F.2d 491, 496 (9th Cir.1979)).

**REPORT AND RECOMMENDATION - 16**

Venue in federal courts is governed by statute. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 181 (1979). The general venue statute, 28 U.S.C. § 1391, and the improper venue and change of venue provisions in 28 U.S.C. §§ 1404 and 1406, apply here. There are two grounds on which venue may be changed: (1) where venue is improper, a court must dismiss or transfer under 28 U.S.C. § 1406; (2) where venue is proper, the court may transfer to another district, for convenience, pursuant to 28 U.S.C. § 1404. In either case, districts in which venue would be proper are determined by 28 U.S.C. § 1391, or by any special venue statute that may apply for a specific cause of action.

For cases arising under federal law, 28 U.S.C. § 1391(b) states that venue is proper in a district where:

- any defendant resides if all defendants reside in the same state;

- a "substantial part of the events or omissions" on which a claim is based occurred, or a "substantial part of the property" that is the subject of the action is located; or

- any defendant "may be found," if there is no district in which the action may otherwise be brought (under the first two prongs).

*See* 28 U.S.C. § 1391(b).

If a plaintiff commences an action in a district in which venue is not proper, the court will (upon timely motion) dismiss the action for improper venue or transfer the case to any district where it could have been brought "if it be in the interest of justice." 28 U.S.C. § 1406(a); *see, e.g., District No. 1, Pacific Coast District v. Alaska*, 682 F.2d 797, 799 (9th Cir. 1982). The Court has some discretion in choosing between these two

**REPORT AND RECOMMENDATION - 17**

options, but generally it is preferred to transfer the case rather than dismiss it altogether. *See, e.g., Minnette v. Time Warner*, 997 F.2d 1023, 1026–27 (2d Cir. 1993). The "interest of justice" language acts also as a limitation on transfer. S*ee Nichols v. G.D. Searle & Co*., 991 F.2d 1195, 1201 (4th Cir. 1993).

However, the Court may not transfer an action for improper venue unless it has subject matter jurisdiction. *See Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir. 1965). The "transferor court" (in this case, Idaho) need not have personal jurisdiction over the defendants to order transfer. It may order the case transferred so that jurisdiction can be established in the "transferee court." *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). It is only proper to transfer venue to a court where the case originally "could have been brought" (*i.e*., the "transferee court" must have proper subject matter jurisdiction, proper venue, and be able to exercise personal jurisdiction.). *See* 28 U.S.C. § 1406(a).

Here, the Court will not proceed to discuss venue at length. Plaintiffs have not established that any events upon which their claims are based occurred in Idaho, nor have Plaintiffs countered Defendants' assertions that none of them, including the entity Defendants, reside in Idaho for purposes of establishing venue.[2] The individual Defendants reside in either Oregon or Washington, and the principal place of business of

---

[2] The Court notes, however, that the entity Defendants incorrectly assert they were "incorporated" in Washington and that Washington is their principal place of business. Limited liability companies are not incorporated. Rather, an LLC is organized, and its citizenship is based upon the citizenship of its members. A limited liability company is a citizen of all states where its members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 988 (9th Cir. 2006) (explaining corporate citizenship rule is not extended to limited liability companies). Despite not establishing the citizenship of the members of each LLC Defendant, Plaintiffs did not come forward with any evidence disputing Defendants' assertion that venue was not proper in Idaho. Accordingly, Plaintiffs did not carry their burden to establish venue is proper in Idaho with respect to the entity Defendants.

**REPORT AND RECOMMENDATION - 18**

the entity Defendants is in Washington. Suffice to say that there appear to be no facts to establish venue in Idaho.

Despite lacking personal jurisdiction over Defendants and finding venue to be improper here, the Court will not transfer venue to a federal district court in Washington, which would appear to be the most appropriate forum, because the federal courts lack subject matter jurisdiction over Plaintiffs' claims. Instead, the Court will discuss why this case is subject to dismissal, because the claims cannot be brought in federal court.

C.   *Subject Matter Jurisdiction*

Federal district courts have original jurisdiction of cases encompassing those disputes "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "Absent diversity of citizenship, federal question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

To assert a constitutional or federal claim, a complaint must allege: (1) factual allegations showing that a constitutional or other federal right has been violated; (2) the names of the persons who caused or personally participated in causing the alleged deprivation of constitutional rights; (3) the dates on which the conduct of each defendant allegedly took place; and (4) the specific conduct or action Plaintiffs allege is unconstitutional. S*ee Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Although Plaintiffs cite several federal statutes and attempt to invoke federal question jurisdiction, Plaintiffs do not state a colorable federal claim arising under the laws of the United States. First, their complaint fails under Fed. R. Civ. P. 8. Their complaint contains vague factual allegations, contains no dates, and contains fanciful allegations that, because Defendants refused to participate in the California JAMS arbitration, they must be guilty of criminal wrongdoing according to a mathematical formula. Such allegations do not form the basis of a colorable claim for relief.

More importantly, however, the criminal statutes upon which Plaintiffs' claims are based do not state a cause of action for civil liability under federal law, and are subject to dismissal under Fed. R. Civ. P. 12(b)(6). It has long been recognized that criminal prohibition does not infer a private right of action absent a provision for civil enforcement by private litigants contained within the statute. *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (citing *Cort v. Ash*, 422 U.S. 66, 80 (1975)).

Here, Plaintiffs identify three criminal statutes as the legal basis for their claims against Defendants: 18 U.S.C. § 1952 (Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises); 18 U.S.C. § 1343 (Wire Fraud); and California Penal Code § 641.3 (Commercial Bribery). None of the three statutes either expressly or impliedly provides for a private right of action. Accordingly, this Court (and any other federal district court) lacks subject matter jurisdiction over Plaintiffs' claims, and Plaintiffs cannot obtain relief.

**REPORT AND RECOMMENDATION - 20**

First, 18 U.S.C. § 1952, the Interstate Travel Act, does not provide for a private right of action. Under 18 U.S.C. § 1952, it is unlawful for a person to engage in interstate travel or use the mail to further a racketeering enterprise. Courts considering civil actions based upon 18 U.S.C. § 1952 have resoundingly concluded that it is a criminal statute that grants no explicit private right of action. *Kissi v. Panzer*, 664 F.Supp.2d 120, 127 (D.C. Cir. 2009) (citing *Lucas–Cooper v. Palmetto GBA*, No. 1:05–cv–00959, 2006 WL 2583407 at *10 (N.D. Ohio Sept. 7, 2006) (concluding that 18 U.S.C. § 1957 is a criminal statute "which grant[s] no explicit private right of action"); *Thompson v. Kramer*, No. 93–2290, 1994 WL 725953, at *15 (E.D. Pa. Dec. 29, 1994) (concluding that 18 U.S.C. §§ 1956 and 1957 "provide by their plain language for criminal penalties but not for private causes of action"); *Barrett v. City of Allentown*, 152 F.R.D. 50, 56 (E.D.Pa. 1993) ("No civil action has been held to exist under ... 18 U.S.C. § 1952[.]"); *Schwartz v. F.S. & O. Assocs., Inc.*, No. 90–1606, 1991 WL 208056, at *2–3 (S.D.N.Y. Sept. 27, 1991) (finding that violations of 18 U.S.C. §§ 1952, 1956 and 1957 do not create private rights of action). Accordingly, Plaintiffs' claims under 18 U.S.C. § 1952 must be dismissed, without leave to amend.

Next, the wire fraud statute, 18 U.S.C. § 1343, similarly does not allow for private enforcement or civil damages. Section 1343 prohibits acts of fraud perpetrated by means of wire, radio, or television communication. In *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999), the court held that the mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343, did not create a private right of action. And, in *Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974), the court

similarly found the wire fraud act did not create a private right of action. Absent a private right of action, there is no federal question jurisdiction, and Plaintiffs' claims under 18 U.S.C. § 1343 must be dismissed without leave to amend.

Last, the California commercial bribery statute, Cal. Penal Code § 641.3,[3] is not a federal statute giving rise to federal question jurisdiction. Nor does section 641.3 authorize private claims for money damages. *See, e.g., Clinkscales v. Carver*, 22 Cal. 2d 72, 75 (1943) ("A statute that provides for a criminal proceeding only does not create a civil liability; if there is no provision for a remedy by civil action to persons injured by a breach of the statute it is because the Legislature did not contemplate one."). Nothing in the statute suggests Plaintiffs may proceed with a civil action for damages.[4]

Plaintiffs attempt to salvage their complaint by explaining in their response brief that their allegations, if true, establish fraud. Because fraud could conceivably be considered a state law claim for relief, diversity of citizenship may be a means for

---

[3] The statute states:

> Any employee who solicits, accepts, or agrees to accept money or any thing of value from a person other than his or her employer, other than in trust for the employer, corruptly and without the knowledge or consent of the employer, in return for using or agreeing to use his or her position for the benefit of that other person, and any person who offers or gives an employee money or any thing of value under those circumstances, is guilty of commercial bribery.

[4] The only California court to actually consider the precise question raised is *Fuego Cubano Corp. v. Equip. Sales & Serv., Inc.*, 2003 WL 932451 (Cal. Ct. App. 2003), an unpublished decision. In *Fuego*, the court stated:

> Penal Code section 641.3 is just that, i.e., a penal code provision intended by the Legislature to provide for penal consequences should commercial bribery be proven beyond a reasonable doubt under the statute. It is a statute designed to protect the populace at large and is intended to be prosecuted by law enforcement on behalf of the People of the State of California and not as a private remedy in a civil suit. Fuego is not entitled to invoke this penal statute in a civil lawsuit as it has attempted to do in this case. We find Fuego's claim of commercial bribery to be not well taken and devoid of merit.

**REPORT AND RECOMMENDATION - 22**

establishing subject matter jurisdiction in a forum other than Idaho. Federal district courts have original jurisdiction over cases involving diversity jurisdiction pursuant to 28 U.S.C. § 1332, encompassing, for the most part, those disputes between citizens of different states involving the requisite amount in controversy. Where subject matter jurisdiction is found solely on diversity of citizenship, venue is governed by 28 U.S.C. § 1391(a). *Schenck*, 2007 WL 1138915 at *1.

> Section 1391(a) provides:
>
> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

First, Plaintiffs cannot establish diversity jurisdiction because there is not complete diversity of citizenship among the parties. Plaintiffs are citizens of Washington. Defendants Dan Evans and Mark Fleischauer are citizens of Washington as well. Plaintiffs have not rebutted Defendants' assertions that the entity Defendants are citizens, for purposes of diversity jurisdiction, of Washington.[5] Thus, Plaintiffs could not establish diversity jurisdiction in federal court against the named Defendants as pled.

---

[5] As mentioned previously in note 1, supra, a limited liability company is not treated the same as a corporation for purposes of determining citizenship. A limited liability company is deemed to be a citizen of all states where its members are citizens. *Johnson*, 437 F.3d at 899. The Court reasonably infers, based upon Fleischauer's statements in his affidavit that he is the principal of all of the LLC Defendants, and he is a citizen of Washington, that the LLC Defendants would not be diverse in citizenship from Plaintiffs.

**REPORT AND RECOMMENDATION - 23**

Second, as explained previously, venue is not proper in Idaho. Defendants are residents of either Washington or Oregon; none of the events occurred here in Idaho; and no defendant is subject to personal jurisdiction in Idaho. Washington appears to be the only state where venue may be proper under 28 U.S.C. § 1391(a).

Even if Plaintiffs could establish diversity of citizenship and file in the proper venue, Plaintiffs have not pled fraud with the particularity required by Fed. R. Civ. P. 9(b). Plaintiffs attempt to do so in their response brief, setting forth the facts they allege constitute the elements of fraud.[6] However, their claims are fanciful in nature, having no basis in law or fact. For instance, Plaintiffs assert the false representation of fact were that Defendants would "abide by the terms of JAMS arbitration and not commit federal crimes such as Wire Fraud or Violations of the Travel Act;" falsity has been "proven via Bayesian reduction to simple Boolean algebra;" and they conclusorily state that "bribery or other inducement by Defendants caused the JAMS arbitration to be aborted before even starting." These allegations do not constitute sufficient factual predicates for a claim of fraud, and are again based upon the same criminal statutes the Court concluded do not form the basis for a civil right of action. As for Plaintiffs' damages, Plaintiffs admit that the Clark County Superior Court's dismissal of the arbitration proceedings eliminates the

---

[6] To prove fraud, Plaintiffs must establish every one of the following elements:

> (1) a statement or representation of fact; (2) its falsity; (3) its materiality; (4) speaker's knowledge of its falsity; (5) speaker's intent that representation will be acted upon in a reasonably contemplated manner; (6) listener's ignorance of its falsity; (7) listener's reliance on truth of representation; (8) listener's right to rely on truth of representation; and (9) listener's consequent and proximate injury.

*O'Banion v. Select Portfolio Servs., Inc.*, 2010 WL 3834055 *5 (D. Idaho Aug. 13, 2010) (citing *Hayes v. Kingston*, 96 P.3d 652 (2004)).

**REPORT AND RECOMMENDATION - 24**

ability for Plaintiffs to recover the damages of $20 million they sought in the arbitration. Response at 8. (Dkt. 19.)  In other words, the Clark County Superior Court likely foreclosed further action, and the appropriate forum to address the issues was in Clark County in the state of Washington.

**4.      Dismissal Without Leave To Amend**

If a federal court dismisses a complaint for lack of subject-matter jurisdiction, the plaintiff can seek relief in state court or make a claim that is within the federal court's jurisdiction. *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1343 (9th Cir. 1981). Dismissal with prejudice is appropriate if the court "clearly lacks subject matter jurisdiction and the nature of the asserted claims precludes any possibility that the jurisdictional defect can be cured by amendment." *Ezell v. Franklin Cnty. Children Services*, 2009 WL 2872705, No. 08-03797 at *3 (C.D. Cal. June 13, 2008).

Dismissal with prejudice is appropriate. The complaint cannot be saved by amendment because Plaintiffs attempt to assert civil liability based upon criminal statutes. *Orkin v. Taylor*, 487 F.3d 734, 740-41 (9th Cir. 2007) (dismissing the plaintiff's claim because no statute provided a private right of action).

## CONCLUSION

The criminal statutes upon which Plaintiffs' complaint is based do not contain any provision for a private right of action for civil monetary penalties. Further, this Court cannot refer such matters to the United States Attorney for prosecution. Because Plaintiffs do not satisfy the jurisdictional prerequisites for filing their claims in federal court, the Court therefore recommends that the Complaint be dismissed with prejudice, and without leave to amend.

Because of the Court's recommendation, discovery is not necessary and would be futile, because even if allowed, the discovery does not support a cognizable legal claim under the statutes mentioned in the Complaint. The motion for subpoena will therefore be denied.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)     Plaintiffs' Motion for Subpoena Duces Tecum (Dkt. 20) is **DENIED**.

Dated: December 18, 2015

Honorable Candy W. Dale
United States Magistrate Judge

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)     Defendants' Motion to Dismiss, which was deemed a motion for summary judgement, (Dkt. 11) be **GRANTED**.

2)     Defendants' Motion to Dismiss, which was deemed a motion for summary judgement, (Dkt. 17) be **GRANTED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: December 18, 2015

Honorable Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 27**