UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JAMES P. REILLY, et al,

          Plaintiffs,

    v.

MATTHEW A. LEVIN, et al,

          Defendants.

Case No. 1:15-CV-00429-EJL

**ORDER ON REPORT AND RECOMMENDATION**

## INTRODUCTION

On December 18, 2015, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report") recommending that the Defendants' Motions to Dismiss be granted. (Dkt. 27.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P.

**ORDER - 1**

72(b). The Plaintiffs filed written objections to the Report. (Dkt. 28.) Defendants filed

responses. (Dkt. 29, 30.) Plaintiffs then filed reply briefs. (Dkt. 31, 32.) The matter is ripe

for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in

whole or in part, the findings and recommendations made by the magistrate judge."

Where the parties object to a report and recommendation, this Court "shall make a de

novo determination of those portions of the report which objection is made." *Id.* Where,

however, no objections are filed, the district court need not conduct a *de novo* review. In

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted

the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge
> must review the magistrate judge's findings and recommendations de novo
> if objection is made, but not otherwise. As the *Peretz* Court instructed, "to
> the extent de novo review is required to satisfy Article III concerns, it need
> not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939
> (internal citation omitted). Neither the Constitution nor the statute requires a
> district judge to review, de novo, findings and recommendations that the
> parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251
> ("Absent an objection or request for review by the defendant, the district
> court was not required to engage in any more formal review of the plea
> proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo
> review not required for Article III purposes unless requested by the parties)
> . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to

the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R.

Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within

fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

The Court has reviewed the unobjected to portions of the Report as well as the record in this matter for clear error and none has been found. The Court has also conducted a *de novo* review of those portions of the Report to which the Plaintiffs have objected and finds as follows.

## DISCUSSION

The full procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. (Dkt. 27.) In general, this case concerns the parties' contractual agreement to participate in arbitration. (Dkt. 1.) Plaintiffs' claims appear to involve arguments that the Defendants failed to participate in good faith during the arbitration and challenges to the Defendants' filing in a Clark County, Washington court. Plaintiffs James P. Reilly and Victoria Jelderks are proceeding *pro se* in this matter. Defendants Matthew A. Levin and Shannon Armstrong are attorneys located in Oregon. The remaining Defendants are Mark A. Fleischauer, Dan L. Evans, Mason Matthew Evans, and two entities controlled by Mark Fleischauer – JH Kelly, LLC and Liberty Evans LLC. Both the attorney Defendants and the other named Defendants filed Motions to Dismiss that were the subject of the Report.

ORDER - 3

The Report recommends granting both Motions to Dismiss for several reasons: improper service, lack of personal jurisdiction, improper venue, and lack of subject matter jurisdiction. (Dkt. 27.) The Report also recommends denying leave to amend the complaint. (Dkt. 27 at 25.) Plaintiffs object to the Report's recommendations raising a myriad of arguments, some of which were raised in their response to the Motions to Dismiss. (Dkt. 19, 28, 31, 32.) In their objections, Plaintiffs maintain their claims are valid and that they have properly served the Defendants. (Dkt. 28, 31, 32.) However, Plaintiffs primarily focus on challenging the timing of both the Report and the Defendants' responses. (Dkt. 28, 31, 32.)

A review of the record in this matter establishes Plaintiffs' principal objection, regarding the timing of the Report and various filings, is meritless. Specifically, Plaintiffs claim Judge Dale prematurely dismissed their  case without allowing them the proper time to respond and without acknowledging Defendants purportedly failed to timely respond to their Complaint. Although the Court disagrees with both of these contentions, it need not further discuss them because Judge Dale dismissed Plaintiffs' claim for lack of subject matter jurisdiction. (Dkt. 27.) A federal court may dismiss an action sua sponte for lack of jurisdiction at any time in the proceeding, including before issuing a summons or following other procedural requirements. *Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337, 1342 (9th Cir. 1981). Plaintiffs' arguments regarding the timing of the Report and related filings are accordingly immaterial. Judge Dale could sua sponte

ORDER - 4

dismiss Plaintiffs' claims upon review of the Complaint, regardless of Defendants' subsequent filings and Plaintiffs' responses thereto.

The Court has reviewed all of Plaintiffs' objections *de novo* and concludes the Report has properly addressed the arguments in this case. Furthermore, this Court's own view of the record, briefing, and applicable law is consistent with the reasoning and analysis as articulated in the Report. For these reasons, the Court will adopt the Report in its entirety and grant the Defendants' Motions to Dismiss.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on December 18, 2015 (Dkt. 27) is **ADOPTED IN ITS ENTIRETY** as follows:

1) The Defendants' Motions to Dismiss (Dkt. 11, 17) are **GRANTED**.

2) This case is **DISMISSED WITH PREJUDICE** and without leave to amend.



DATED:  **May 23, 2016**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER - 5**